UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**PAULETTE CRUMP**

**VERSUS**                                                                 DOCKET NO. _____

**THE CITY OF BATON ROUGE AND PARISH**
**OF EAST BATON ROUGE, THROUGH**               JUDGE _____
**MAYOR SHARON WESTON BROOME,**
**MURPHY J. PAUL, JR., IN HIS CAPACITY**
**AS THE CHIEF OF POLICE FOR THE**                MAGISTRATE _____
**BATON ROUGE POLICE DEPARTMENT,**
**AND CORPORAL JOSEPH WELDA**

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Petitioner **PAULETTE CRUMP**, a person of the full age of majority and domiciled in the Parish of St. John the Baptist, State of Louisiana, who respectfully represents:

### JURISDICTION and VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §1331(Federal Question) and 28 U.S.C.§ 1343 (Civil rights). Plaintiff invokes the supplemental jurisdiction of the Court to hear and decide plaintiff's Louisiana State Law claims pursuant to 28 U.S.C. §1367 (a).

2. Venue is proper under 28 U.S.C. §1391 (b) as the Defendants are located, and the events giving rise to Plaintiff's claims occurred, within the boundaries of this judicial district.

### PARTIES

Plaintiff herein is:

3. **PAULETTE CRUMP**, a resident and domiciliary of the Parish of St. John the Baptist, State of Louisiana, and a citizen of the United States of America.

Made defendants herein are:

4. **THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE**,

a consolidated political subdivision of the State of Louisiana, but not an agency, or department, or arm of the State of Louisiana (hereinafter sometimes referred to as the "City-Parish");

5.   **MAYOR SHARON WESTON BROOME**, in her official capacity as the Mayor-President of the City of Baton Rouge and Parish of East Baton Rouge, a person of the full age of majority and upon information and belief domiciled in the Parish of East Baton Rouge (hereinafter sometimes referred to as "Mayor Broome");

6.   **BATON ROUGE POLICE DEPARTMENT**, a governmental entity and department of the City of Baton Rouge created by the Charter of the City of Baton Rouge and the Parish of East Baton Rouge;

7.   **CHIEF MURPHY J. PAUL, JR.**, in his official capacity as the Chief of Police for the Baton Rouge Police Department, a person of the full age of majority and upon information and belief domiciled in the Parish of East Baton Rouge (hereinafter sometimes referred to as "Chief Paul"); and

8.   **CORPORAL JOSEPH WELDA**, individually and in his official capacity as a employee of the City of Baton Rouge and Parish of East Baton Rouge, through the Baton Rouge Police Department, who at all times was acting under the color of law, a person of the full age of majority and upon information and belief domiciled in the Parish of East Baton Rouge (hereinafter sometimes referred to as "Corporal Welda").

## INTRODUCTION

9.   This is an action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' Fourth, Eight, and Fourteenth Amendment rights as secured by the United States Constitution and Article I of the Louisiana Constitution of 1974, as well as other State Law claims as are discussed in further detail below.

10. At all times relevant hereto and in all actions described herein, Defendants BATON ROUGE POLICE DEPARTMENT, CHIEF PAUL, AND CORPORAL WELDA acted under color of state law and under the color of the laws, statutes, ordinances, regulations, policies customs and usages of the State of Louisiana, and its political subdivisions, including but not limited to the City-Parish and Mayor Broome.

11. At all times relevant hereto and in all actions described herein, Defendant, CORPORAL WELDA acted within the course and scope of his employment with the City-Parish, Mayor Broome, Baton Rouge Police Department, and/or Chief Paul.

**FACTS**

12. In the early morning hours of September 16, 2018, CORPORAL WELDA and other officers with the Baton Rouge Police Department were dispatched to 2001 South Sherwood Forest Boulevard, Apartment 226, in the City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana, in reference to a domestic disturbance.

13. Upon arrival, Corporal Welda made contact with David Crump, who was visibly intoxicated and swaying while standing. David Crump stated to the officers that he came home after a night of drinking and his wife got upset because another woman was messaging and calling his phone, leading to a physical altercation. David Crump allegedly showed officers some "claw marks" on his neck area.

14. Corporal Welda then made contact with Plaintiff, PAULETTE CRUMP, who despite having been abused and battered by her husband, appeared sober and in control of all of her faculties. PAULETTE CRUMP stated to the officers that when she had come home from her mother's house earlier that evening, David Crump had clearly been drinking and was drunk. PAULETTE CRUMP stated to officers that when she mentioned that another woman was

messaging and calling his phone that David Crump became angry and attacked her, pulling out a chunk of her hair, clawing at her face, neck, and chest, and leaving PAULETTE CRUMP with a busted and swollen lip, bruises on her arm, and bloody scratches on her chest and nipple.

15. According to body camera footage from the officers at the scene, and Corporal Welda's report, PAULETTE CRUMP showed the officers the "ball of hair on the bathroom sink" that contained a piece of David Crump's fingernail, as well as the claw marks on her neck and chest, her busted and swollen lip, and the bleeding from her chest and nipple.

16. According to body camera footage from the officers at the scene, initially David Crump was handcuffed and placed in the back of one of the Baton Rouge Police Department units for domestic abuse battery.

17. However, Corporal Welda then decided that David Crump would be released and not taken to jail, but PAULETTE CRUMP would be arrested for domestic abuse battery against David Crump.

18. According to Corporal Welda's report, PAULETTE CRUMP "had a motive to entice him [David Crump] due to the fact that he had a lady calling his phone and she didn't like it."

19. According to body camera footage from the officers at the scene and Corporal Welda's report, PAULETTE CRUMP maintained that "she was just defending herself from David hurting her" and that this behavior from David Crump was a pattern which began with him getting drunk then fighting her, often leading to police being called.

20. Corporal Welda ignored the evidence of domestic abuse battery by David Crump against PAULETTE CRUMP (clump of hair with a fingernail in it, claw marks on PAULETTE CRUMP's neck and chest, PAULETTE CRUMP's busted and swollen lip, and the bleeding from

PAULETTE CRUMP's chest and nipple) and arrested PAULETTE CRUMP for domestic abuse battery against David Crump.

21.     PAULETTE CRUMP was booked into the East Baton Rouge Parish Prison on September 16, 2018 on charges of Domestic Abuse Battery in violation of La. R.S. 14:35.3.

22.     PAULETTE CRUMP hired an attorney to protect her rights against the charges and appeared in Baton Rouge City Court on October 10, 2018, where she entered a plea of Not Guilty. The matter was then set for trial on December 3, 2018.

23.     On December 3, 2018, the Assistant Prosecutor for the City of Baton Rouge dismissed all charges against PAULETTE CRUMP, citing that the evidence shows that she was the victim of domestic abuse battery, not the perpetrator.

## VIOLATIONS OF LAW

24.     Plaintiff, PAULETTE CRUMP, was subjected to an unlawful seizure of her person, wrongful arrest, wrongful imprisonment, and wrongful detention by Corporal Welda as described herein, thus causing her injuries, damages, and losses.

25.     The City-Parish, through Mayor Broome and the Baton Rouge Police Department, through Chief Paul, were negligent in hiring, supervising, and training its officers, including but not limited to CORPORAL WELDA, in properly responding to and investigating domestic disturbances, among others, thus causing the injuries, damages, and losses herein.

26.     The actions of Defendants deprived PAULETTE CRUMP of the following rights, privileges, and immunities secured to her by the Constitution and/or statutes and/or laws of the United States of America and/or the State of Louisiana:

   a.    The right to be secure in her person and to be free from unlawful seizures, wrongful arrests, wrongful imprisonment, and wrongful detention, which is secured to her

under the Fourth and Fourteenth Amendments to the Constitution of the United States of America and/or under Article I, Sections 2 and 5 of the Louisiana Constitution of 1974; and

  b. The right to be free and not subjected to excessive bail, nor excessive fines, nor cruel and unusual punishments, which is secured to her by the Eight Amendment of the Constitution of the United States and/or under Article 1, Section 20 of the Louisiana Constitution of 1974.

  27. The actions of Defendants caused PAULETTE CRUMP injuries, damages, and losses for which she is entitled to recover under Louisiana Civil Code articles 2315, 2316, and/or 2320, along with other acts of negligence and/or fault to be shown more fully at trial of this matter.

## DAMAGES

  28. Plaintiff, PAULETTE CRUMP, has suffered and continues to suffer from mental and emotional distress caused by the actions of Defendants. Plaintiff itemizes her damages in the following non-exclusive particulars, to-wit:

  a. Past, present, and future mental anguish, emotions distress, anxiety, humiliation, injury to her reputation, embarrassment, inconvenience, loss of enjoyment of life, loss of sense of security and trust for law enforcement, and other losses under State and Federal law to be shown more fully at trial of this matter;

  b. Past, present, and future lost wages and/or loss of earning capacity;

  c. Past, present, and future expenses associated with the arrest including but not limited to bail, attorney fees, and other expenses to be shown more fully at the trial of this matter; and

  d. Any other damages which may be shown at the trial of this matter.

29. The actions, conduct, and/or behavior of the Defendants were performed knowingly, intentionally, and/or maliciously, against PAULETTE CRUMP.

30. The actions, conduct, and/or behavior of the Defendants were grossly negligent and/or with willful or wanton misconduct and/or were in reckless disregard of the rights, privileges, and immunities secured to PAULETTE CRUMP by the Constitution and/or statutes and/or laws of the United States of America and/or the State of Louisiana, thus entitling PAULETTE CRUMP to an award of punitive damages in an amount reasonable under the premises to be determined at the trial of this matter.

31. In accordance with 42 U.S.C. § 1988, PAULETTE CRUMP is entitled to reasonable attorney's fees and costs of this action.

**PRAYER FOR RELIEF**

32. Plaintiff shows that the incident described herein was caused by, either individually or in concert, the actions, conduct, and/or behavior of Defendants, **THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, THROUGH MAYOR SHARON WESTON BROOME, MURPHY J. PAUL, JR., IN HIS CAPACITY AS THE CHIEF OF POLICE FOR THE BATON ROGUE POLICE DEARTMENT, AND CORPORAL JOSEPH WELDA**.

33. Plaintiff desires and prays for a jury trial on all issues

**WHEREFORE**, Plaintiff, **PAULETTE CRUMP**, prays that after all due proceedings are had, there be a judgment in her favor and against Defendants, **THE CITY OF BATON ROUGE AND PARISH OF EAST BATON ROUGE, THROUGH MAYOR SHARON WESTON BROOME, MURPHY J. PAUL, JR., IN HIS CAPACITY AS THE CHIEF OF POLICE FOR THE BATON ROGUE POLICE DEARTMENT, AND CORPORAL JOSEPH**

**WELDA** for such sums as are reasonable in the premises, together with interest thereon at the legal rate from the date of judicial demand until paid, including as reasonable costs associated with this litigation and proceedings. Plaintiff, **PAULETTE CRUMP**, further prays for all other general and equitable relief in the premises.

        Respectfully submitted,

        __/s/ Jennifer G. Prescott__
        **JENNIFER G. PRESCOTT (#33848)**
        **ABBOTT PRESCOTT, ATTORNEYS AT LAW**
        16260 Airline Hwy, Suite E
        Prairieville, LA 70769
        Telephone: (225) 406-7474
        Facsimile: (225) 442-8885
        E-mail: jennifer@abbottprescott.com